# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Daryll Lucas,<br><br>                  Plaintiff,<br><br>  v.<br><br>Lacinda Elgan, et. al.,<br><br>                  Defendants. | Case No. 2:23-cv-01688-ART-BNW<br><br>**ORDER AND**<br><br>**REPORT AND RECOMMENDATION** |

      Before the Court are several motions filed by Plaintiff Daryll Lucas. First is his application to proceed *in forma pauperis*. ECF No. 3. Next are his motion for preliminary injunction and a related motion, indicating Defendants had not responded. ECF Nos. 4, 5. Mr. Lucas also filed a motion for summary judgment and a motion for judgment. ECF Nos. 6, 8. Lastly, Mr. Lucas filed a motion for a pre-screening order. ECF No. 13.

## I.    <u>IFP application</u>

    Before the Court is Mr. Lucas's application to proceed *in forma pauperis*. ECF No. 3. Mr. Lucas submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis*. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II.    <u>Screening</u>

     Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Long*, 442 F.3d at 1185.

**A. Complaint**

Mr. Lucas alleges Lucinda Elgan, the Clerk of Court for the Esmeralda County District Court, violated his due process rights by prohibiting him from filing motions with the Esmeralda County District Court. He explains he has sent the Clerk of Court motions (including a motion to dismiss counsel and a motion for sentence modification) but she has refused to file them. Instead, she told Mr. Lucas to send these motions to a P.O. Box address but did not provide an

accompanying number for the P.O. Box. In addition, he has come to learn that no such P.O. Box exists.

Mr. Lucas also alleges that Mr. Rutledge, the warrants coordinator for High Desert State Prison, violated his right to due process by not fully explaining to him his right to an extradition hearing. In addition, he explains that the form incorrectly states that he has served 34,903 days in prison.

### 1. Access to courts

Prisoners have a right under the First and Fourteenth Amendments to litigate their claims "without active interference by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis in original), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *see Carey v. Von Blanckensee*, 515 F. Supp. 3d 1051, 1059 (D. Ariz. 2021). The touchstone of the right of access to courts is the "adequate opportunity to file nonfrivolous legal claims challenging . . . convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Thus, the official acts or omissions complained of must result in "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (internal quotation marks omitted). The actual prejudice requirement, however, "is not satisfied by just any type of frustrated legal claim." *Id*. at 354. Rather, the types of legal claims protected are limited to direct criminal appeals, petitions for writs of habeas corpus, and civil rights actions brought under § 1983 to vindicate basic constitutional rights. *See id*. at 355–56. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355 (emphasis omitted).

Claims of denial of access to courts generally fall into two categories: (1) claims arising from an official frustrating a plaintiff from preparing and filing a lawsuit in the present, i.e., a forward-looking claim; or (2) claims arising from an official causing the loss of a meritorious claim that can no longer be pursued, i.e., a backward-looking claim. *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002). When a prisoner asserts a backward-looking claim, "he must show: (1) the loss of a 'non-frivolous' or 'arguable' underlying claim; (2) the official acts frustrating the

litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 U.S. at 413–14), *vacated on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009).

Based on the above, the Court finds that Mr. Lucas has alleged a colorable claim for denial of access to the courts against Clerk of Court Lacinda Elgan. Plaintiff alleges that Ms. Elgan has refused to file his motions (including motions to modify his sentence). This is sufficient to state a First Amendment and Fourteenth Amendment denial of access to the courts claim.

### 2. Interstate agreement on detainers

"A claim under section 1983 is available to redress violations of federal statutory and constitutional law." *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1998). A plaintiff may bring a 42 U.S.C. § 1983 claim against state officials for violations of the IAD. *Cuyler v. Adams*, 449 U.S. 433, 450 (1981). Liberally construing the allegations in the complaint, Mr. Rutledge appears to have denied a pre-extradition hearing as required by the IAD. At the screening stage of the litigation, this is sufficient to state a colorable IAD claim against Mr. Rutledge.

It is not clear how the calculation error that appears on the IAD form has injured Mr. Lucas. Mr. Lucas will be given a chance to amend his complaint to provide additional information.

### 3. Judge Kimberly Wanker

Although Mr. Lucas names this individual as a defendant, his complaint does not incorporate any facts that would suggest she had any involvement in the alleged violations. Nevertheless, the Court will provide Mr. Lucas an opportunity to amend his complaint to better explain what her role may have been regarding either of his claims.

### III. Motion for preliminary injunction and related motion (ECF Nos. 4 and 5)

To succeed on a preliminary injunction motion, the movant "must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) that the balance of harm tips in the movant's favor, and (4) that the injunction is in the public interest." *Chamber of*

1  *Com. Of the U.S. v. Bonta*, 62 F.4th 473, 481 (9th Cir. 2023) (citing *All. for the Wild Rockies v.*
2  *Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

3    Mr. Lucas does not set forth arguments to satisfy all four prongs. As a result, the Court
4  recommends that the motion for preliminary injunction be denied without prejudice.

5    The Court also notes that while Mr. Lucas is correct in noting that under LR 7-2(d) an
6  opposing party's failure to respond may constitute a concession, Defendants have not yet
7  appeared in this case. That is, Defendants do not even know that a case has been filed as the Court
8  is just now screening the complaint and providing Mr. Lucas directions to serve the Defendants.
9  As a result, Defendants could not have opposed the motion. For this reason, ECF No. 5 is denied.

10   **IV.** **Motion for summary judgment and motion for judgment (ECF Nos. 6 and 8)**

11   As explained above, this case is just now being screened. The Defendants have not yet
12 entered an appearance. As a result, Defendants have not been given a chance to defend against the
13 claims that Mr. Lucas has made. Given this, the Court recommends the motion for summary
14 judgment and the motion for judgment (ECF Nos. 6, 8) be denied without prejudice.

15   **V.** **Motion for pre-screening order**

16   The Court acknowledges that it has taken some time to screen Mr. Lucas' complaint. The
17 Court regrets the delay and appreciates Mr. Lucas' understanding as it manages a high volume of
18 cases.

19   **VI.** **Conclusion**

20   **IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in*
21 *forma pauperis* (ECF No. 3) is **GRANTED**. Plaintiff will not be required to pay an initial
22 installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as
23 amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this
24 action to conclusion without the necessity of prepayment of fees or costs or the giving of security
25 therefor.

26   **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
27 Prison Litigation Reform Act, the High Desert State Prison will forward payments from the
28 account of Daryll Lucas, Inmate No. 1249815, to the Clerk of the United States District Court,

District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of Chief of Inmate Services for the High Desert State Prison at 22010 Cold Creek Rd, Indian Springs, NV 89070.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim for denial of access to the courts shall proceed against Lucinda Elgan.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim for violation of the Interstate Agreement on Detainers Act shall proceed against Mark Rutledge.

**IT IS FURTHER ORDERED** that Defendant Judge Kimberly Wanker is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons to Defendants Elgan and Rutldge; (2) deliver the summonses along with two copies of the complaint (ECF No. 1-1) to the U.S. Marshal for service; and (3) mail Plaintiff two blank copies of Form USM-285. Once Plaintiff received the USM-285 forms, Plaintiff must fill in defendants' last-known addresses so that the defendants may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until August 22, 2024, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until October 22, 2024, to serve the Defendants. Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff will have until August 22, 2024, to file an amended complaint. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**IT IS FURTHER ORDERED** that ECF No. 5 is **DENIED**.

**IT IS FURTHER RECOMMENDED** that ECF Nos. 4, 6 and 8 be **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that ECF No. 13 is **GRANTED**.

# NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 22, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE