**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Daryll Lucas,

Plaintiff,

v.

Lacinda Elgan, et al.,

Defendants.

Case No. 2:23-cv-01688-ART-BNW

**ORDER**

Before the Court is Defendant Lacinda Elgan's motion to quash summons. ECF No. 22. Plaintiff did not respond. For the reasons discussed below, the Court grants Defendant Elgan's motion.

After screening Plaintiff's complaint, the Court ordered Plaintiff to send the U.S. Marshal the filled-in Form USM-285 for Defendants Elgan and Rutledge so that the U.S. Marshal could issue summons to those defendants. ECF No. 14. The Court gave Plaintiff until October 22, 2024, to serve the defendants.

The summons issued to Defendant Elgan was returned executed. ECF No. 19. The U.S. Marshal served the summons on "A. Sewell," who was designated to accept service of process on behalf of the Esmeralda Clerk's Office. *Id.* Defendant Elgan promptly filed a motion to quash the summons. ECF No. 22.

Under Federal Rule of Civil Procedure 4(e), an individual (such as Defendant Elgan) may be served by complying with state law for service, serving the person individually, leaving a copy of the summons and complaint at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or serving an authorized agent. Fed. R. Civ. P. 4(e)(1)–(2). Plaintiff bears the burden of establishing the validity of service if it is challenged. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."); *R. Griggs Grp. Ltd. v.*

*Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996) ("The burden is on the plaintiff to establish the propriety of the service.").

Here, Defendant Elgan argues that Plaintiff never effectuated personal service because the U.S. Marshal mistakenly served A. Sewell, an individual who was unauthorized to accept service on her behalf. ECF No. 22 at 1–3. Plaintiff did not respond. Absent argument and evidence to the contrary, Plaintiff failed to carry his burden to show that service was proper.

**IT IS THEREFORE ORDERED** that Defendant Elgan's motion to quash (ECF No. 22) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue a summons to Defendant Elgan; (2) deliver the summons, one copy of the ECF No. 15 complaint, and this Order to the U.S. Marshal to re-serve Defendant Elgan; and (3) mail Plaintiff one blank copy of Form USM-285. Once Plaintiff receives the USM-285 form, Plaintiff must fill in Defendant Elgan's last-known address.

**IT IS FURTHER ORDERED** that Plaintiff has until October 21, 2024, to send to the U.S. Marshal the required Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff has until November 18, 2024, to properly serve Defendant Elgan.

DATED: September 30, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE