UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Daryll Lucas,<br><br>                Plaintiff,<br><br>    v.<br><br>LaCinda Elgan, et al.,<br><br>                Defendants. | Case No. 2:23-cv-01688-ART-BNW<br><br>**ORDER** |

      Before this Court is Defendant LaCinda Elgan's motion to take the deposition of Plaintiff Daryll Lucas. ECF No. 71. This motion can be properly resolved without further briefing. Because deposing Plaintiff is consistent with Rule 26(b)(1) and (2), this Court grants Defendant's motion.

      Under Federal Rule of Civil Procedure 30, a party must obtain the court's permission to depose a witness in custody. Fed. R. Civ. P. 30(a)(2)(B). The court must grant leave to the extent consistent with Rule 26(b)(1) (defining the scope of relevant discovery) and (2) (granting courts discretion to limit discovery in certain circumstances). *Id.*; Fed. R. Civ. P. 26(b)(1)–(2). "The circumstances addressed in Rule 26(b)(2) are (1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." *Berhanemeskel v. Lopez*, No. 2:24-CV-01371-JAD-DJA, 2025 WL 863618, at \*2 (D. Nev. Mar. 18, 2025) (quoting *Medina v. County of Los Angeles*, No. 2:21-cv-05554-DMG-KESx, 2022 WL 16847547, at \*3 (C.D. Cal. Oct. 4, 2022)).

      First, Plaintiff's deposition is relevant and proportional to the needs of the case under Rule 26(b)(1). He alleges that Defendant Elgan, the Esmeralda County Clerk, denied him access to the court by refusing to file his motions. Plaintiff's testimony is important so that Defendant can prepare her anticipated dispositive motion (and for trial).

Second, none of the three concerns under Rule 26(b)(2) warrant denial of Defendant's motion. Plaintiff's deposition is neither cumulative nor duplicative because he is likely to hold key information about his claims, and his testimony may lead to the discovery of other pertinent evidence. Therefore, it is unlikely that the information from his deposition can be obtained from a more convenient source (concern one). In addition, it does not appear that Defendant has had ample opportunity to obtain the information sought here (concern two), and as discussed above, this discovery does not fall outside the scope of Rule 26(b)(1) (concern three).

**IT IS ORDERED** that Defendant's motion to take the deposition of Daryll Lucas (ECF No. 71) is **GRANTED**.

DATED: October 1, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE